El Pueblo de Puerto Rico, demandante y apelado, *v.* Domingo Hernández González, acusado y apelante.

No. 4976.—*Sometido:* Febrero 16, 1933. *Resuelto:* Febrero 20, 1933.

■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■

*A. García Ducós,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Domingo Hernández González fué denunciado por una infracción a la sección 29 de la Ley de Rentás Internas de Puerto Rico, tal como quedó enmendada en agosto 20, 1925 (p. 611), cometida como sigue:

"Que en 13 de enero de 1932, en el barrio Cuchillas, de Moca, . . . allí y entonces, maliciosa y voluntariamente tenía en su poder, bajo su custodia y a su disposición como dueño, un alambique capaz de destilar alcohol, para fines medicinales, industriales, científicos o sacramentales, montado, sin que dicho acusado Domingo Hernández González, allí y entonces hubiera tenido inscrito en la Oficina del Tesorero de Puerto Rico, firmando ante dicho Tesorero y entregándole para su archivo una declaración por escrito, haciendo constar en ella el sitio peculiar donde dicho alambique está situado o almacenado, . . . ''

El acusado formuló contra la denuncia la siguiente excepción:

"Que la corte no tiene jurisdicción porque la sección 29 de la Ley No. 85 de Rentas Internas, del año 1925, es anticonstitucional y nula, porque: (a) no da una oportunidad clara a los ciudadanos para cumplir con la misma; (b) es prácticamente absurda, imposible de cumplir e indefinida; y (c) no señala un procedimiento adecuado para la inscripción del alambique.''

La corte declaró sin lugar la excepción y oída la prueba condenó al acusado a sufrir un mes de cárcel y al pago de las costas.

No conforme el acusado apeló para ante esta Corte Suprema, señalando en su alegato un solo error, el cometido a

su juicio por la corte al declararse con jurisdicción para conocer de la causa.

Argumenta el apelante los motivos que consignó en su excepción citando jurisprudencia que establece principios bien reconocidos sobre el debido procedimiento de ley, pero que en verdad no sostienen sus proposiciones.

La ley de que se trata, dice:

"Sección 29.—Toda persona que tuviere en su poder o custodia o a su disposición, de cualquier manera, bien como dueño, o arrendatario, o depositario, o guardián o en otra forma, cualquier alambique que sea capaz de destilar alcohol para fines medicinales, industriales, científicos o sacramentales, montado o desmontado, lo inscribirá en la oficina del Tesorero de Puerto Rico, firmando ante dicho Tesorero y entregándole para su archivo una declaración por escrito, haciendo constar en ella el sitio particular donde dicho alambique esté situado o almacenado, la clase de alambique, su capacidad total, el nombre del dueño del mismo, sitio de su residencia, croquis del alambique y los fines para los cuales dicho alambique se ha usado, está usándose o se proponga usar; y al serle exigido por cualquier funcionario de rentas internas, debidamente autorizado, dará acceso libre y sin restricción hasta dicho aparato con el fin de inspeccionarlo. Dichos alambiques deberán estar en locales que no sean utilizados como residencias particulares. Toda persona que dejare de inscribir cualquier alambique que estuviere en su poder, depósito, custodia o a su disposición de cualquier manera, o que impidiere o dificultare la libre inspección del mismo por un agente de rentas internas, será culpable de delito menos grave (*misdemeanor*). Y todo alambique no inscrito será embargado por el Tesorero de Puerto Rico, o por sus agentes y por él confiscado y vendido a beneficio de El Pueblo de Puerto Rico o destruído, si así lo creyere conveniente."

Basta leerla para concluir que puede ser cumplida por los ciudadanos sin dificultad, si es que quieren obedecerla en su letra y en su espíritu.

El poder del Pueblo por medio de su Legislatura para dictar reglas sobre la materia de la posesión de aparatos para destilar alcohol y para castigar la infracción de las

mismas y el embargo, confiscación y venta de los aparatos, es claro. El hecho de que no se fije el tiempo en que debe verificarse la inscripción, no convierte en nula la ley.

Se impone a la persona que *tenga en su poder o custodia o a su disposición o de cualquier manera,* bien como *dueño, arrendatario, depositario, guardián o en otra forma* cualquier *alambique que sea capaz de destilar alcohol* para los fines que se especifican, el deber de inscribirlo en la oficina del Tesorero de Puerto Rico. ¿Cómo? Firmando y entregando ante dicho Tesorero y entregándole para su archivo la declaración que la propia ley determina. ¿Cuándo? No lo dice expresamente la ley, pero surge de sus claras y terminantes disposiciones que desde el instante en que la posesión se adquiere y dentro del término razonable que sea necesario para cumplir con la obligación.

La Ley Orgánica crea el cargo de Tesorero y determina sus funciones. El Código Político y otras Leyes las especifican. El departamento que dirige está situado en San Juan con funcionarios esparcidos por todos los pueblos de la Isla. Cualquier persona que desee adquirir y explotar un alambique, puede obtener seguramente de esos funcionarios todos los datos que necesite para actuar debidamente, sin responsabilidad alguna.

*No existiendo el único error que se señala, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*